**NICHIMEN CO., INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

Appeal No. 83–1067.

United States Court of Appeals, Federal Circuit.

Feb. 14, 1984.

Urban S. Mulvihill, New York City, argued for appellant.

Saul Davis, New York City, argued for appellee. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, and Joseph I. Liebman, Atty. in Charge, International Trade Field Office, New York City.

Before DAVIS, BALDWIN and KASHI-WA, Circuit Judges.

BALDWIN, Circuit Judge.

This appeal is from a judgment of the United States Court of International Trade which sustained the separate classification of radio receiver chassis under item 685.24 TSUS and of tape players as machines, not specifically provided for (n.s.p.f.) under item 678.50. 565 F.Supp. 148 (Ct. Int'l Trade 1983). After a thorough consideration of appellant's arguments, we fully agree with the opinion of the Court of International Trade, filed by Judge Newman, and we affirm on the basis of that opinion.

Appellant's position is that the items in question should be classified as an entirety which would be eligible for duty-free treatment. The thrust of appellant's argument is that the chassis/tape combination is an entirety because the tariff description is for a machine n.s.p.f., and all the parts necessary to constitute a machine n.s.p.f. are present upon entry. Appellant's position cannot be maintained.

Judge Newman correctly summarized the law of the doctrine of entireties as set forth in *Stella D'Oro Biscuit Co., Inc. v. United States,* 65 CCPA 52, C.A.D. 1205, 570 F.2d 945 (1978), *aff'g, Stella D'Oro Biscuit Co., Inc. v. United States,* 79 Cust.Ct. 28, C.D. 4709, 436 F.Supp. 398 (1977) and *United States v. Baldt Anchor, Chain and Forge Div. of Boston Metals Co.,* 59 CCPA 122, C.A.D. 1051, 459 F.2d 1403 (1972):

It is now well settled that separate components covered by the same entry, although designed and intended to be used together, are not properly classifiable as an entirety where the components do not comprise a complete commercial entity, but instead must be assembled with additional components to form a

complete article of commerce. [565 F.Supp. at 151.]

Judge Newman found that the imported chassis and tape players were not sold by appellant in combination as complete commercial articles. Instead, the chassis and tape players were separately inventoried and used solely as parts along with other components in the production of various models of appellant's consoles and compacts. We find no clear error in these findings of fact. *Daw Industries, Inc. v. The United States,* 714 F.2d 1140 (Fed.Cir. 1983). We therefore agree with Judge Newman's conclusion that the chassis and tape players were separate tariff entities rather than entireties. We also agree that appellant's argument that the classification was inconsistent with prior administrative practice was not supported by the proffered testimony.

For the foregoing reasons, the judgment of the Court of International Trade is *affirmed.*

AFFIRMED.